THE STATE OF NEW JERSEY, PLAINTIFF, v. EDWARD F. WARD, DEFENDANT.

Middlesex County Court

Decided September 23, 1955.

*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey (*Mr. James T. Kirk,* Deputy Attorney-General, appearing), attorney for the State.

*Mr. James A. McTague,* attorney for defendant.

KALTEISSEN, J. C. C.  On May 25, 1955, the defendant, while operating a truck on a public highway in South Brunswick Township, was stopped by a Trooper King of the New Jersey State Police and was requested to produce the log book showing the hours spent in driving as required by *R. S.* 39:9–3.  Defendant could not produce such a record and was issued a summons by the Trooper for a violation of the said section.  The defendant was tried in the Municipal Court of the Township of South Brunswick, New Jersey, on June 20, 1955, and was found guilty. . A judgment of conviction was entered, and it is from this decision that the defendant now appeals for a trial *de novo.*

At the trial in the Middlesex County Court, Law Division, the defendant admitted the violation charged, and it is stipulated by counsel that the defendant was operating a motor vehicle used for hauling manure to mushroom growers in Pennsylvania, and that when the alleged violation occurred, the defendant was returning from delivering a load of manure at which time the truck was empty.  It was further stipulated that the manure was gathered from race tracks and other local sources of supply.

The questions to be determined are whether manure is a farm product within the meaning of *R. S.* 39:3–25, and whether the Legislature intended that manure be considered a farm product and thereby exempted from the provisions of *R. S.* 39:9–3.

There is of course, no question but that manure is used exclusively for the purpose of fertilization.  It certainly cannot be regarded as a produce of a farm.  In determining what was the intent of the Legislature, one can come to no other conclusion but that it was for the purpose of assisting farmers and to encourage those engaged in agri-

culture. This is set forth very clearly in *R. S.* 39:3–25 which permits "farmer" license plates to be issued for "motor trucks engaged exclusively in the carrying or transportation of applicant's farm products, raised or produced on his farm, and farm supplies, and not engaged in hauling for hire."

■ "The term 'farmer' as used in this section means any person engaged in the raising, growing and producing of farm products on a farm not less than three acres in area, and who does not engage in the business of buying farm products for resale; and the term 'farm products' means any food-crop, cattle, hogs, poultry, dairy products and other agricultural products designed and to be used for food purposes." When "farm produce" or "farm product" is used there can be no other interpretation made but that it refers to agricultural products designed and to be used for human consumption.

The test in the final analysis is therefore, whether or not a particular item is a product of a farm and whether or not it is designed for human consumption.

■ It is this court's opinion that manure is not a farm product within the meaning of *R. S.* 39:3–25 and that the Legislature did not intend to exempt manure or its transportation from the provisions of *R. S.* 39:9–3. The defendant was not a farmer and was transporting the manure as a commercial venture, and was not exempted from *R. S.* 39:9–3 which requires that the drivers of commercial motor vehicles shall carry a log book. Certainly the defendant was driving a commercial vehicle in every sense of the word, having purchased the material for resale.

It is the opinion of the court that the defendant, Edward F. Ward is guilty of a violation of *R. S.* 39:9–3 as charged.